UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PHYLLIS GRODZITSKY, ET AL, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | Civil Action No. 14-mc- <br><br> Underlying Action: <br> Civil Action No. 2:12-cv-1142(CD Cal.) |

| | |
|---|---|
| Jonathan D. Selbin <br> Lieff Cabraser Heimann and Bernstein LLP <br> Attorneys for Plaintiff <br> 250 Hudson Street, 8th Floor <br> New York, NY  10013-1413 <br> (212) 355-9500 <br> jselbin@lchb.com | Paul G. Cereghini <br> Bowman and Brooke LLP <br> Attorneys for Defendant <br> 970 West 190th Street, Suite 700 <br> Torrance, CA  90502 <br> (310) 768-3068 <br> paul.cereghini@bowmanandbrooke.com <br><br> Peter A. Smit (P27886) <br> Gary J. Mouw (P69236) <br> Varnum LLP <br> Attorneys for Non-parties Hi-Lex and TSK <br> Bridgewater Place, PO Box 352 <br> Grand Rapids, MI, 49501-0352 <br> (616) 336-6000 <br> gjmouw@varnumlaw.com |

**NON-PARTIES TSK OF AMERICA, INC. AND HI-LEX CONTROLS, INC'S BRIEF IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENAS**

**I.     INTRODUCTION**

Plaintiff served subpoenas on Non-Parties TSK of America, Inc. ("TSK") and Hi-Lex Controls Inc., ("Hi-Lex"), in connection with a putative class action pending in the Central District of California against American Honda Motor Co., Inc. ("Honda").  *See* Subpoena to TSK, attached as **Exhibit A**; *see* Subpoena to Hi-Lex, attached as **Exhibit B**.  TSK is the holding

company of Hi-Lex, which supplies automotive parts to OEMs, including Honda. Non-Parties TSK and Hi-Lex are located in Michigan.

Plaintiff's subpoenas to Non-Parties TSK and Hi-Lex must be quashed. The subpoenas impose an undue burden on TSK and Hi-Lex, requiring them to produce an expansive range of documents extending over fifteen years and involving eleven different vehicle models. Plaintiff's request would likely be overly burdensome had it been served on a party to a litigation, let alone a non-party. *See WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 ("non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion"). Furthermore, most of the documents requested by Plaintiff are likely in the possession of Honda. Non-Parties TSK and Hi-Lex should not be forced to bear the expense and burden of responding to this subpoena where the pertinent information can be secured form a party to the underlying lawsuit. Finally, responding to the subpoena would impose significant expenses on Non-Parties TSK and Hi-Lex, costing tens of thousands of dollars to search, review, and produce responsive documents.

For these reasons, and those set forth more fully below, Plaintiff's subpoenas to Non-Parties TSK and Hi-Lex should be quashed.

## II. LAW AND ARGUMENT

### A. PLAINTIFF'S SUBPOENAS MUST BE QUASHED BECAUSE THEY IMPOSE AN UNDUE BURDEN ON NON-PARTIES TSK AND HI-LEX.

The Federal Rules of Civil Procedure provide that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).[1] "Whether a subpoena imposes upon a witness an

---

[1] Because Non-Parties TSK and Hi-Lex are located (and were served) in the Western District of Michigan, this is the Court "where compliance is required," and therefore this Court has the authority to quash the subpoenas.

2

undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Nova Biomedical Corp v. i-STAT Corp*, 182 F.R.D. 419, 422-23 (S.D.N.Y. 1998) (internal quotes and citation omitted).  "Additionally, non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." *WM High Yield*, 460 F. Supp. 2d at 895-96 (emphasis added).

Plaintiff's subpoenas seek to compel Non-Parties TSK and Hi-Lex to produce an expansive category of documents extending over fifteen years and involving eleven different vehicle models.  *See* Subpoena to TSK at 2 (Ex A) ("the relevant time period for the following discovery requests is January 1999 through the present.").  For every single year from 1999 to the present, and for each of the vehicle models, Plaintiff demands that Non-Parties TSK and Hi-Lex produce all design documents, all specification documents, all documents regarding materials, all tests and reports, all forecasts and estimates, among other documents.  As served on Non-Parties these requests are clearly overbroad and impose an undue burden.

Given that the subpoenas seek documents going back to 1999, much of the information requested may exist, if at all, only on backup tapes.  See Declaration of John Flack at ¶ 4, attached as **Exhibit C**.  And since the computer software that Hi-Lex uses has changed from time to time over the past fifteen years, Hi-Lex likely will not have the capability to access the data without the assistance of an external IT vendor.  See *id*.  The expense of securing an IT vendor to search, extract, and process data from backup tapes could cost tens of thousands of dollars, imposing an undue burden and expense.  *See id*.

Furthermore, given the subpoenas' expansive scope, it would take months for Non-Parties TSK and Hi-Lex to compile even the accessible documents.  To do this, TSK and Hi-Lex would

need to hire temporary employees to search and review thousands upon thousands of documents. *See id*. at ¶ 5.  Moreover, Hi-Lex's design engineers, manufacturing engineers, CAD supervisors, and quality engineers would need to expend hundreds of hours in supervising the temporary employees, as well as search and review documents.  *See id*.  All of this significantly interferes with the operation of Hi-Lex's business.

The subpoenas would also divert Hi-Lex engineers and employees from their responsibilities during a critical period of time for Hi-Lex's business.  With new models being released by OEMs in the fall, the months of July, August, and September are those in which Hi-Lex's engineers and employees are extremely busy in working to meet customer deadlines and requirements.  Responding to the expansive subpoena would interfere with Hi-Lex's ability to conduct its business.

Finally, the subpoenas are unduly burdensome because much – if not all – of the information that is requested is likely in the possession of Honda, a party to the underlying action.  *See id*. at ¶ 8.  All specifications originate from Honda.  *See id*.  All forecasts or estimates are provided by Honda.  *See id*.  All drawings and revisions of drawings are provided to Honda.  *See id*.  And all tests and reports are provided to Honda.  *See id*.  As non-parties to the underlying litigation, TSK and Hi-Lex should not be forced to bear the burden of responding to this subpoena where Plaintiff could secure the same essential information from the Defendant. *See WM High Yield*, 460 F. Supp. at 896 (granting motion to quash where the party issuing the subpoena failed to show that the information it requested was not in possession of parties to the underlying litigation).

**B.** **PLAINTIFF'S SUBPOENAS MUST BE QUASHED BECAUSE COMPLIANCE WOULD IMPOSE A SIGNIFICANT EXPENSE ON NON-PARTIES TSK AND HI-LEX.**

The Federal Rules of Civil Procedure provide that when a court requires production of documents in response to a subpoena, that "order must protect that person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. 45(d)(2)(B)(ii) (emphasis added).[2] Where the costs of compliance are significant, this rule mandates that the cost be shifted to the requesting party:

> Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant. The plain language of the rule dictates our conclusion. The rule states that the district court's order compelling compliance with a subpoena '*must* protect a person who is neither a party nor a party's officer from significant expense resulting from compliance,' Fed. R. Civ. P. 45(d)(2)(B)(ii) (emphasis added), and provides no exceptions. This language leaves no room for doubt that the rule is mandatory. Thus, when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expenses on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'"

*Legal Voice v. Storman Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).

The expenses that Non-Parties TSK and Hi-Lex would incur in complying with the subpoenas are significant. To access and analyze backup tapes extending to 1999, Non-Parties TSK and Hi-Lex will need to secure – and pay – an IT consultant. This may cost tens of thousands of dollars. Flack Decl. at ¶ 4 (Ex C). And to search, review, and produce even accessible information responsive to the subpoenas, it will likely cost Hi-Lex at least $10,000 to $15,000 to pay temporary employees to search for responsive documents, to compensate for time

---

[2] Before 1991, a district court could shift cost of compliance to a subpoena, but "the decision to do so was within the discretion of the district court." *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). The 1991 amendment changed this, making cost shifting mandatory when the expenses incurred are significant. *See id.*

expended by design, manufacturing, and CAD engineers and supervisors, and for copying and production costs. These expenses are significant, and they must be borne by Plaintiff. *See Legal Voice*, 738 F.3d at 1185 ("Applying the correct standard, we have no trouble concluding that $20,000 is 'significant.'").

    C.    **PLAINTIFF'S SUBPOENAS MUST BE QUASHED BECAUSE THEY DEMAND PRODUCTION OF DOCUMENTS BEYOND THE GEOGRAPHICAL LIMITS SPECIFIED IN RULE 45(C)**

When serving a subpoena for the production of documents, that subpoena "may command . . . production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Where a subpoena requires a person to comply with a subpoena beyond these geographical limits, a court must quash or modify the subpoena. See Fed. R. Civ. P. 45(d)(3)(A)(ii) ("On timely motion, the court for the district court where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c).") (emphasis added); see also Fed. R. Civ. P 45 advisory committee's notes ("For other discovery, Rule 45(c)(2) directs . . . that production of documents . . . to occur at a place within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. . . . Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c).").

Plaintiff's subpoenas require that Non-Parties TSK and Hi-Lex produce documents in New York. TSK and Hi-Lex are located in Michigan. TSK and Hi-Lex's custodian of records is employed in Litchfield, Michigan. Flack Decl. at ¶ 3 (Ex. C). He does not reside in New York. *Id*. Nor does he (or any employee of Hi-Lex) regularly transact business in person in New York. See *id*.

Because Plaintiff's subpoenas demand compliance beyond the geographical limits prescribed by Rule 45(c), the subpoenas must be quashed.  *See* Fed. R. Civ. P. 45(d)(3)(A)(ii).

### III. CONCLUSION

For the foregoing reasons, Non-parties TSK and Hi-Lex request that this Court enter an order quashing Plaintiff's subpoenas.

VARNUM LLP

Attorneys for Non-parties TSK America, Inc. and H-Lex Controls, Inc.

Dated:  July 30, 2014               By:     /s/ *Gary J. Mouw*
                                              Peter A. Smit (P27886)
                                              Gary J. Mouw (P69236)
                                    Business Address & Telephone:
                                              Bridgewater Place, PO Box 352
                                              Grand Rapids, MI, 49501-0352
                                              Phone:  (616) 336-6000
                                              Fax:  (616) 336-7000
                                              gjmouw@varnumlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 30, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the court's ECF system, and I hereby certify that I have e-mailed and mailed by overnight delivery through United Parcel Service the paper to the following non-ECF participants:

Jonathan D. Selbin
Lieff Cabraser Heimann and Bernstein LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
jselbin@lchb.com

Paul G. Cereghini
Bowman and Brooke LLP
970 West 190th Street, Suite 700
Torrance, CA  90502
paul.cereghini@bowmanandbrooke.com

                                                /s/ *Gary J. Mouw*
                                                Gary J. Mouw (P69236)

8621159_1.docx